IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHAD RAYNARD SHORE,              )
                                 )
            Petitioner,          )
                                 )
      v.                         )    1:07CV787
                                 )    1:05CR208-1
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )

### RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Petitioner Chad Raynard Shore, a federal prisoner, has filed what is presented as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] (Docket No. 33.)[2] Section 3582(c)(2) allows a court to reduce the term of imprisonment of a defendant who was sentenced at an offense level that has subsequently been lowered by the Sentencing Commission. The United States Sentencing Guidelines (USSG) state that a reduction in sentence due to a subsequent lowering of the guideline range is not authorized unless the amendment is listed in USSG § 1B1.10(c). USSG § 1B1.10(a). Petitioner points to Amendment 599 as the amendment authorizing relief in his case. That amendment is listed in USSG § 1B1.10. The government has responded to Petitioner's motion (Docket No. 36), Petitioner has filed a reply (Docket No. 38), and the matter is now before the Court for a decision.

---

[1] It initially appeared that Petitioner might be raising claims under both § 3582(c)(2) and 28 U.S.C. § 2255. Therefore, the motion was originally filed as such. As will be discussed, the motion is now being considered pursuant to § 3582(c)(2) only. A ten-day notice of appeal period applies. Fed. R. App. P. 4(b).

[2] This and all further cites to the record will be to the criminal case.

**DISCUSSION**

There is an obvious problem with Petitioner's claim under Amendment 599. The statute he relies on, § 3582, specifically applies to USSG amendments that **subsequently** lower a guideline range. Petitioner was sentenced in 2006. (Docket No. 19.) Amendment 599 was made effective in 2000. USSG, Appendix C., Vol. II, Amend. 599. Therefore, it could not possibly have lowered his guideline range subsequent to his sentencing. Petitioner is not entitled to relief under § 3582(c)(2). <u>United States v. Lykes</u>, 73 F.3d 140, 142 (7th Cir. 1995).

It appears that Petitioner's claim is really that his sentence should have been, but was not, calculated in accordance with Amendment 599. This claim cannot be raised under the narrow scope of § 3582, but would instead need to be brought as part of a motion under 28 U.S.C. § 2255. Not only this, but Petitioner also makes claims that his criminal history was miscalculated and that several other sentencing errors occurred. It is not clear as to some of these whether he believes they relate to his § 3582 motion or whether he instead intends to raise them as separate claims. However, it is apparent that they are claims that would need to be raised in a § 2255 motion.

In some similar cases, the Court has construed § 3582 motions as § 2255 motions or as being a combination of a § 3582 and a § 2255 motion. In fact, as already noted, Petitioner's motion here was originally filed by the Court with that in mind. However, Petitioner specifically states in his reply brief that he "has

further refrained from making any Constitutional claims worthy of a 2255 motion" and that he "specifically objects to any contruence by this Court of this being a motion brought under § 2255 when it was entitled and brought under the statute that Petitioner sought specific relief under § 3582(c)(2) as Goines applied to it. [sic]"[3] (Docket No. 38 at 5.) Because Petitioner specifically opposes the Court treating his motion as one brought under § 2255, and because doing so would force Petitioner to seek permission from the Fourth Circuit Court of Appeals to bring a § 2255 if he wanted to file a § 2255 motion in the future, the Court will not treat his motion as being brought under § 2255 and will not address the merits of his claims which are not applicable to a § 3582 motion. Petitioner's motion should be treated solely as a § 3582 motion and should be denied.

---

[3]"Goines" is a reference to United States v. Goines, 357 F.3d 469 (4th Cir. 2004), which Petitioner firmly believes aids his case. He is incorrect for two reasons. First, Goines involved a defendant who was sentenced **before** Amendment 599 was made effective. That amendment **subsequently** affected his sentence calculation. This was not the case with Petitioner. Second, the defendant in Goines was convicted under both 18 U.S.C. §§ 924(c) and 922(g). Amendment 599 deals with that situation and other situations where a defendant has both a § 924(c) conviction and another related conviction. It makes it clear that otherwise applicable weapons enhancements should not apply to the related convictions because the § 924(c) conviction and its guidelines provisions already take them into account. Petitioner had no § 924(c) conviction, only a § 922(g) conviction. Therefore, despite his valiant efforts to show otherwise, Goines and the changes made in Amendment 599 have no relationship to his case.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 33) be **DENIED**.

                                                               /s/ Russell A. Eliason
                                          **United States Magistrate Judge**

April 11, 2008